Gloria R. HARDY, Appellant,

v.

PIONEER PARACHUTE COMPANY, INC., and Parachutes Incorporated, Appellees.

No. 74–1700.

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 8, 1975.

Decided Jan. 22, 1976.

Edward M. Swartz, Boston, Mass., Walter W. Brooks, Kermit S. King, and O. Fayrell Furr, Jr., Columbia, S.C., on brief, for appellant.

Douglas McKay, Jr., McKay, Sherrill, Walker, Townsend & Wilkins, Heyward McDonald, Rogers, McDonald, McKenzie & Fuller, Columbia, S.C., on brief, for appellees.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

BUTZNER, Circuit Judge:

Gloria R. Hardy appeals from a ruling of the district court that it lacked personal jurisdiction over the appellees, Pioneer Parachute Co. and Parachutes, Inc. We conclude that the district court had jurisdiction under both South Carolina's long-arm statute and the federal constitution. Accordingly, we reverse.

Hardy brought suit to recover damages for injuries she received while using a parachute made by Pioneer and sold by Parachutes. She asserted jurisdiction under South Carolina Code § 10.2–803(1), which provides in part: "A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of

action arising from the person's (a) transacting any business in this State; (b) contracting to supply services or things in the State; (c) commission of a tortious act in whole or in part in this State . . . ."

Pioneer is a Delaware corporation whose principal place of business is in Manchester, Connecticut. It owns no property in South Carolina, has no agents, employees or office in the state, and pays no taxes there. Although Pioneer occasionally makes direct sales to customers in South Carolina, it primarily sells through its exclusive distributor, Parachutes. Pioneer does no direct advertising but contributes to Parachutes' advertising budget.

Parachutes, a New York corporation with its home office in Orange, Massachusetts, distributes and markets sports parachutes made by Pioneer. Parachutes owns no property in South Carolina, maintains no office or place of business there, and has no agents, employees, salesmen, distributors, or franchisees in the state. It advertises Pioneer's products in two nationally circulated magazines which reach subscribers in South Carolina. Since 1966, Parachutes has made at least 42 direct sales to customers in South Carolina. In March 1967, it sold the Pioneer parachute, whose safety is at issue in this case, for $361.00 to a resident of South Carolina in response to a telephone order from that state.

A federal court presented with a challenge to its personal jurisdiction over an out-of-state defendant faces two questions: one, whether there is statutory authority for the exercise of jurisdiction under the laws of the state in which it sits, see *Bowman v. Curt G. Joa, Inc.,* 361 F.2d 706, 711 (4th Cir.1966); and two, whether the statute that confers jurisdiction meets federal constitutional standards of due process, see *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In this case, the first question collapses into the second, for South Carolina's long-arm statute, § 10.2–803(1), grants as broad a reach of jurisdiction as is constitutionally permissible. See *Triplett v. R. M.*

*Wade & Co.,* 261 S.C. 419, 200 S.E.2d 375, 378–79 (1973) (dictum); cf. *Shealy v. Challenger Mfg. Co.,* 304 F.2d 102, 107 (4th Cir.1962); *Gardner v. Q.H.S., Inc.,* 304 F.Supp. 1247, 1249 (D.S.C.1969), rev'd on other grounds, 448 F.2d 238 (4th Cir.1971).

Thirty years ago the Supreme Court ruled "that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). A single transaction is a sufficient contact to satisfy this standard if it gives rise to the liability asserted in the suit. *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Gkiafis v. S.S. Yiosonas,* 342 F.2d 546, 556 (4th Cir.1965). Modern transportation, communication, and the national flow of commerce have contributed to the recognition that states have a legitimate interest in providing means for their citizens to seek redress against foreign corporations that ship allegedly defective products into the state. No unconstitutional burden is imposed on a foreign corporation by requiring it to defend a suit in a forum located in a state where it has advertised and sold a product whose use gave rise to the cause of action. We conclude, therefore, that the due process clause does not preclude entry of a judgment against Pioneer and Parachutes because they did not have more extensive contacts with South Carolina. Cf. *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Peeler v. South Carolina Helicopters, Inc.,* 263 S.C. 487, 211 S.E.2d 344 (1975); *Triplett v. R. M. Wade & Co.,* 261 S.C. 419, 200 S.E.2d 375 (1973); *Gardner v. Q.H.S., Inc.,* 304 F.Supp. 1247, 1249 (D.S.C. 1969), rev'd on other grounds, 448 F.2d 238 (4th Cir.1971). See also Note, In Personam Jurisdiction Over Nonresident Manufacturers in Product Liability Actions, 63 Mich.L. Rev. 1028, 1031 (1965).

**196**

Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), on which Pioneer and Parachutes rely, does not require a different result. There, it was the resident settlor of a trust, not the nonresident trustee named as a defendant, who established contacts within the forum state. The Court emphasized that the cause of action, unlike the situation in *McGee, supra,* did not arise "out of an act done or a transaction consummated in the forum State." 357 U.S. at 251, 78 S.Ct. at 1238. This same distinction renders *Hanson* inapplicable to Hardy's case. *Cf. Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 176 N.E.2d 761, 764 (1961).

Hardy's accident occurred almost a year before South Carolina's long-arm statute became effective. In accord with the clear weight of authority, the statute had been held to operate retrospectively. *Thompson v. Hofmann,* 263 S.C. 314, 210 S.E.2d 461 (1974); *Segars v. Gomez,* 360 F.Supp. 50, 54 (D.S.C.1972). The statute, along with other South Carolina rules of procedure, affords Pioneer and Parachutes adequate notice and a reasonable opportunity to appear and defend this suit. They had no vested right not to be sued in South Carolina and, consequently, retroactive application of the statute does not deprive them of due process of law. *Cf. McGee v. International Life Insurance Co.,* 355 U.S. 220, 224, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

The judgment of the district court is reversed, and this case is remanded for further proceedings.