Vickie B. NELEPOVITZ, Plaintiff,

v.

Earl W. BOATWRIGHT and Lois A. Boatwright, Defendants.

Carl NELEPOVITZ, Plaintiff,

v.

Earl W. BOATWRIGHT and Lois A. Boatwright, Defendants.

Civ. A. Nos. 76–2256, 76–2258.

United States District Court
D. South Carolina,
Columbia Division.

Oct. 17, 1977.

---

249. Green Testimony, Tr. 540.

John E. Cheatham, Lexington, S. C., for plaintiff.

Ronald E. Boston, Columbia, S. C., for defendants.

ORDER ON DEFENDANTS' MOTION
TO DISMISS AND QUASH SERVICE
OF PROCESS

HEMPHILL, District Judge.

These are diversity actions based on negligence and initiated by the filing of Com-

plaints with the Clerk of Court's Office on December 1, 1976 and service of the same on defendants at their residence in Florissant, Missouri, on December 12, 1976. Plaintiff, Vickie B. Nelepovitz, claims that on July 25, 1975 within the premises located in Missouri and owned by defendants, the latter negligently allowed their dog to trip plaintiff, causing her to fall down a flight of stairs, and severely and permanently injuring her. Plaintiff, Carl Nelepovitz, claims loss of consortium as a result. Now before the court is defendants' motion to dismiss and to quash service of process on the grounds that defendants are not subject to the personal jurisdiction of the court and have not been properly served with process.[1] For reasons hereinafter set forth defendants' motion is granted.

Defendants allege that the incident giving rise to the cause of action occurred in defendant's home near St. Louis, Missouri and that they have no business contact with the State. Plaintiffs counter by pointing out that defendant, Earl W. Boatwright is a limited partner in a South Carolina partnership and that defendant, Lois A. Boatwright, owns real property in South Carolina, has mortgaged said property, and is presently making monthly payments on the same. These contacts, plaintiffs contend, establish a sufficient nexus with the State of South Carolina to subject defendants to this court's personal jurisdiction. This court disagrees.

A federal court presented with a challenge to its personal jurisdiction over an out-of-state defendant must determine whether there is statutory authority for the exercise of its jurisdiction under the laws of the State in which it sits and whether the statute that confers jurisdiction meets constitutional standards of due process. *Hardy v. Pioneer Parachute Company, Inc.*, 531 F.2d 193 (4th Cir. 1976). The statutory authority for exercise of personal jurisdiction over an out-of-state defendant is found under the "long-arm" statutes of South Carolina.[2]

The "long-arm" statutes of South Carolina have consistently been held to grant jurisdiction commensurate with the broadest limits of jurisdiction constitutionally permissible. *Carolina Boat & Plastic Co. v. Glascoat Distributors, Inc.*, 249 S.C. 49, 152 S.E.2d 352 (1967); *Ratliff v. Cooper Laboratories, Inc.*, 444 F.2d 745 (4th Cir. 1971); *Hardy v. Pioneer Parachute Co.*,

---

1. FRCP 12(b)(2) provides for dismissal of an action for lack of personal jurisdiction over the parties . . . and 12(b)(5) provides for dismissal for insufficiency of service of process.

2. The "long arm" provisions of the South Carolina Code are:

§ 36–2–802 which provides:
A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, doing business, or maintaining his or its principal place of business in, this State as to any cause of action.
AND
§ 36–2–803 which provides:
2. The relevant "long arm" provision is Section 10.2–803 of the South Carolina Code which reads as follows:
(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's
 (a) transacting any business in this State;
 (b) contracting to supply services or things in the State;
 (c) commission of a tortious act in whole or in part in this State;

(d) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or
 (e) having an interest in, using, or possessing real property in this State; or
 (f) contracting to insure any person, property or risk located within this State at the time of contracting; or
 (g) entry into a contract to be performed in whole or in part by either party in this State; or
 (h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.
(2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him, and such action, if brought in this State, shall not be subject to the provisions of § 10–310(3). . . .

*Inc.*, 531 F.2d 193 (4th Cir. 1976); *David v. National Lampoon*, 432 F.Supp. 1097 (D.S.C. 1977). The Due Process Clause of the United States Constitution requires that "in order to subject a defendant to a judgment in personam, if he not be present within the territory of the forum, [that] he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945).

 Section 803 of the statute provides for jurisdiction over the person of an out-of-state defendant if his contact (conduct[3]) with the state in the very thing which gives rise to the cause of action sought to be adjudicated in South Carolina and if the particular contact (conduct) is included in that section.[4] If the contact with the State in fact gives rise to the putative cause of action, a single contact (or transaction) within the State is sufficient to subject the defendant to personal jurisdiction and to meet the *International Shoe* standard. *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The section is not applicable here in that defendants' contacts with the State of South Carolina (limited partner, real estate) did not give rise to the cause of action.

 As such in order for plaintiffs to establish personal jurisdiction over the out-of-state defendants, the cause of action must be maintainable under Section 802. That is, defendants' relationship (contacts) with South Carolina must be of such an enduring nature as to allow maintenance of a suit in the State for a cause of action which arose from activity outside of the

State.[5] The statute confers jurisdiction upon the court commensurate with the due process clause, *supra*. Consistent with that proposition if, "plaintiffs' injury does not arise out of something done in the forum State, then other contacts between [Defendant] and the State must be *fairly extensive* before the burden of defending a suit there may be imposed upon it without offending 'traditional notions of fair play and substantial justice'." (citations omitted). *Ratliff, supra* at page 748. *Ratliff* dealt with two corporate defendants (drug companies) one of which had filed and been given authority to do business in the State, had appointed an agent for service of process, and maintained "detailmen" who lived in South Carolina and promoted defendants' products through personal contacts with doctors and drug stores throughout the State. The Fourth Circuit held that such contacts were insufficient to subject defendants to a suit in South Carolina for a cause of action which arose outside of the State. The contacts here (E. W. Boatwright's status as a limited partner and Lois Boatwright's ownership of mortgaged real estate in the State) are both qualitatively and quantitatively inferior to the defendants' contacts in *Ratliff*.

Particularly illuminating in this area of out-of-state defendants coupled with out-of-state causes of action is the recent United States Supreme Court case of *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). There the Supreme Court held that to comply with the due process clause all assertions of State Court jurisdiction, including *in rem* and *quasi-in-rem* actions, must meet the minimum contacts standard of *International Shoe*.[6] *Shaffer* dealt with a derivative action in

---

**3.** South Carolina has not defined "contact" as "conduct" in synonym definition but the effect of the interpreting decisions begats the definition. It is the conduct of the defendant in the state that produces the putative liability; such is the "contact." See *Martin v. Fischbach Trucking Co.*, 183 F.2d 53, 56 (1st Cir. 1950).

**4.** Professor Weintraub has dubbed such contacts as "specifically-affiliating" contacts. See Weintraub, Russel J. *Commentary on the Conflict of Laws*, Chapter 4 (1971).

**5.** Such a relationship or contacts have been referred to as "generally-affiliating" contacts. See Weintraub, *supra*.

**6.** Thereby smashing attachment proceedings as a basis of jurisdiction as propounded by *Harris v. Balk*, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023.

Delaware naming as defendants, a corporation, its wholly owned subsidiary, and numerous present and former officers of the corporation. The State Court in Delaware sought to invoke *quasi-in-rem* jurisdiction over the *out-of-state* individual defendants (officers) by sequestering their stock, options, warrants and various other corporate rights of the defendants located in Delaware. The Court responded, 433 U.S. at page 213, 97 S.Ct. at page 2585, 53 L.Ed.2d at page 703:

> The Delaware courts based their assertion of jurisdiction in this case solely on the statutory presence of appellants' property in Delaware. Yet that property is not the subject matter of this litigation, nor is the underlying cause of action related to the property. Appellants' holdings in Greyhound do not, therefore, provide contacts with Delaware sufficient to support the jurisdiction of that State's courts over appellants.

The Court then searched for other contacts of the defendants with Delaware which would establish the contacts necessary to support jurisdiction and stated 433 U.S. at 213, 97 S.Ct. at 2585, 53 L.Ed.2d at 703–04:

> If it [jurisdiction] exists, that jurisdiction must have some other foundation. [and]
>
> Appellee Heitner did not allege and does not now claim that appellants have ever set foot in Delaware. Nor does he identify any act related to his cause of action as having taken place in Delaware. Nevertheless, he contends that appellants' positions as directors and officers of a corporation chartered in Delaware provide sufficient "contacts, ties, or relations," (citations omitted) with that State to give its courts jurisdiction over appellants in this stockholder's derivative action. This argument is based primarily on what Heitner asserts to be the strong interest of Delaware in supervising the management of a Delaware corporation.

That interest is said to derive from the role of Delaware law in establishing the corporation and defining the obligations owed to it by its officers and directors. In order to protect this interest, appellee concludes, Delaware's courts must have jurisdiction over corporate fiduciaries such as appellants.

The court rejected Heitner's argument, even though the defendants had some control over the corporation.

■ Here E. W. Boatwright's contact with the State is his status as a limited partner in a South Carolina partnership. A limited partner's interest in the partnership is classified as personal property.[7] A limited partner has a position analogous to a corporate shareholder.[8] A limited partner has no right to take part in the control of the business without losing his status as a limited partner.[9] As such E. W. Boatwright's contact with South Carolina is little more than a property right which exists in South Carolina. Although the court assumes E. W. Boatwright derives income from the partnership, so too does a shareholder from his stock certificates. Here Lois Boatwright's contact with the State is a mortgaged piece of real estate. As such her contact with the State is simply a property interest herein. The two defendants therefore have insufficient contacts with the State of South Carolina to support jurisdiction over them for a cause of action arising outside the State and unrelated to their contacts in the State.

In light of the above, it is this court's determination that defendants lack sufficient contacts with this State to subject them to the jurisdiction of this court, and to do so would place a burden upon them at odds with "traditional notions of fair play and substantial justice." The decision of this court is that the service of process should be set aside and the actions dismissed.

The motion to dismiss is granted.

AND IT IS SO ORDERED.

---

7. Uniform Limited Partnership Act, South Carolina Code of Laws, Sec. 33–43–190.

8. 60 Am.Jur.2d., Partnership, Sec. 371.

9. Uniform Limited Partnership Act, Sec. 33–43–80.