Charles F. TURNER, Sr., Plaintiff,

v.

Donald W. PEMBERTON and Boone, Wellford, Clark, Langschmidt and Pemberton, a partnership composed of William G. Boone, Jr., Donald R. Wellford, Kenneth F. Clark, Jr., Carl H. Langschmidt, Jr., Donald W. Pemberton, B. Percy Magness, Jr., and James H. Barton, Defendants.

Lillian B. HARRIS, Plaintiff,

v.

Donald W. PEMBERTON and Boone, Wellford, Clark, Langschmidt and Pemberton, a partnership composed of William G. Boone, Jr., Donald R. Wellford, Kenneth F. Clark, Jr., Carl H. Langschmidt, Jr., Donald W. Pemberton, B. Percy Magness, Jr., and James H. Barton, Defendants.

Jean B. GALLIGAN, Plaintiff,

v.

Donald W. PEMBERTON and Boone, Wellford, Clark, Langschmidt and Pemberton, a partnership composed of William G. Boone, Jr., Donald R. Wellford, Kenneth F. Clark, Jr., Carl H. Langschmidt, Jr., Donald W. Pemberton, B. Percy Magness, Jr., and James H. Barton, Defendants.

James A. TURNER, Jr., Plaintiff,

v.

Donald W. PEMBERTON and Boone, Wellford, Clark, Langschmidt and Pemberton, a partnership composed of William G. Boone, Jr., Donald R. Wellford, Kenneth F. Clark, Jr., Carl H. Langschmidt, Jr., Donald W. Pemberton, B. Percy Magness, Jr., and James H. Barton, Defendants.

Civ. A. Nos. 82–3148–14 to 82–3151–14.

United States District Court,
D. South Carolina,
Greenville Division.

Feb. 17, 1983.

On Motion for Reconsideration
March 11, 1983.

Roy E. Garris, Jr., Walhalla, S.C., E. Graydon Shuford, Decatur, Ga., for plaintiffs.

Andrew B. Marion and O.G. Calhoun, Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S.C., for defendants.

## ORDER

WILKINS, District Judge.

This matter is before the Court on motions to dismiss filed by Defendants. They seek dismissal under Fed.R.Civ.P. 12(b)(2) for a lack of personal jurisdiction in the cases filed by Plaintiffs Charles F. Turner, Sr. and James A. Turner, Jr. In the cases filed by Plaintiffs Lillian B. Harris and Jean B. Galligan, Defendants seek dismissal under Fed.R.Civ.P. 12(b)(3) for improper venue. Taking the allegations of Plaintiffs' Complaints and supporting affidavits as true, as required for the purpose of these

motions,[1] I find that Defendants are subject to suit on these claims in South Carolina based on their prior contacts in this state. However, I also find that the Complaints brought by Plaintiffs Harris and Galligan must be dismissed for a lack of venue under 28 U.S.C. § 1391(a).

## FACTS

All Defendants in these cases were members of a Memphis, Tennessee law firm and currently reside in Tennessee.[2] All Plaintiffs were stockholders in Turner Lumber Company, a corporation doing business in South Carolina but incorporated in Delaware. Also, all Plaintiffs were beneficiaries under a trust which held stock in Turner Lumber Company. This trust was executed pursuant to Tennessee law and designated the Union Planters National Bank of Memphis, Tennessee as Trustee. Two Plaintiffs, Charles and James Turner, are residents of South Carolina. The remaining Plaintiffs, Harris and Galligan, reside respectively in Alabama and Florida.

The uncontradicted affidavits of Plaintiffs indicate that Defendant Pemberton, as a partner in a Tennessee law firm in association with the other Defendants, was employed by Turner Lumber Company as its corporate attorney from 1966 until February, 1977. Throughout this period, Turner Lumber Company maintained corporate and business offices in South Carolina and Pemberton made trips to this state to furnish legal advice. Specifically, the affidavits allege that a number of annual and special meetings of the stockholders and board of directors were held in South Carolina after Pemberton was retained as corporate counsel. Consequently, Pemberton, as well as other members of his firm, was required to attend these meetings to perform legal services. At several of these meetings, it is alleged that Pemberton even performed services as the acting Corporate Secretary. Moreover, at a special meeting of the board of directors held in St. Stephen, South Carolina on May 12, 1970, Pemberton was elected General Counsel of the company.

The alleged activities of Defendants in this state which specifically gave rise to the present lawsuits occurred in 1976. The Complaint alleges that during that year Defendants were employed to give advice, prepare documents and generally supervise a proposed sale of certain real estate owned by Turner Lumber Company in South Carolina, Mississippi and Louisiana. In attempting to fulfill the legal responsibilities required by this representation, Defendants admit that Pemberton prepared an option agreement at their law offices in Memphis which was eventually executed between Turner Lumber Company and Omni Capital Lumber Company. A provision of this agreement required that 50% of the mineral rights in the real estate to be transferred by Turner Lumber Company be distributed to the individual stockholders of the company on a pro rata basis depending on the number of shares owned by each stockholder.

Defendants admit that they subsequently prepared at least one deed in their law offices in Memphis conveying mineral rights in South Carolina real estate to the stockholders of Turner Lumber Company.[3] Also, Plaintiffs allege in their Complaint that Defendants supervised the preparation and recording of other deeds conveying mineral rights to stockholders from real estate transferred in other states. Some of these deeds apparently contained typographical errors in the percentage of miner-

---

1. *See Gardner v. Toilet Goods Association, Inc.,* 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967); *Manatee Cablevision Corp. v. Pierson,* 433 F.Supp. 571 (D.D.C.1977).

2. Two Defendants, Donald W. Pemberton and James H. Barton, have apparently ended their association with the firm but were members at the time of the alleged actions which gave rise to the present claims.

3. Defendants also admit that they reviewed another deed conveying South Carolina mineral rights on December 19, 1976, in Baton Rouge, Louisiana. This deed was apparently prepared by another attorney and presented to Defendants for approval. Both deeds were subsequently recorded in South Carolina by Richard Gantt, an attorney representing a title insurance company.

al rights transferred to the stockholders. Also, a conveyance of certain mineral rights in Louisiana real estate to the Union Planters National Bank, to be held in trust for Plaintiffs, apparently constituted a void transfer due to provisions in the trust agreement which were in violation of Louisiana law. Based on these facts, Plaintiffs have brought these actions against Defendants seeking recovery for legal malpractice.

## PERSONAL JURISDICTION

■ In deciding whether this Court has personal jurisdiction over Defendants, it must be determined whether jurisdiction exists under the South Carolina Long Arm Statute.[4] Two provisions of the South Carolina Long Arm Statute establish a basis for personal jurisdiction in this case. S.C. Code Ann. § 36–2–803 provides in part:

(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

(a) transacting any business in this State;

\*   \*   \*   \*   \*   \*

(g) entry into a contract to be performed in whole or in part by either party in this State. . . .

It is clear that Defendants have both transacted business in this state and entered into a contract to be performed at least in part in this state. The affidavits establish, at least for the purposes of this motion, that Defendant Pemberton, acting on behalf of his law firm, served as corporate counsel for Turner Lumber Company for over 10 years and, in fact, was eventually elected General Counsel of the corporation. Further, it is undisputed that, throughout this period, Turner Lumber Company was doing substantial business in this state and Pember-

ton was required to make a number of trips to South Carolina to attend corporate meetings and furnish legal advice. Consequently, he contracted to perform services as corporate counsel of Turner Lumber Company and those services were to be performed at least in part in this state. Also, Defendants came to South Carolina on a number of occasions in order to transact business in furtherance of this contract.

It is equally clear that as a direct result of Defendants' employment as corporate counsel and their subsequent transactions of business in this state, they were assigned to supervise the transfer of certain real property by Turner Lumber Company in South Carolina, Mississippi and Louisiana. The actions taken by Defendants in supervising these transfers and preparing certain necessary deeds, including a deed transferring mineral rights in South Carolina real estate, form the basis of Plaintiffs' causes of action. Each of these causes of action arises directly from Defendants' contacts with South Carolina. But for Defendants' contract with Turner Lumber Company to perform services as corporate counsel at least in part in South Carolina, and Defendants' resulting transactions in this state, these present claims would not now exist. Therefore, these claims fall within the plain wording of S.C.Code Ann. § 36–2–803(1)(a) and (g) since they are causes of action arising from the transaction of business in this state and the entry of a contract to be performed in part in this state.

■ Defendants argue that they are not subject to suit in South Carolina under the Long Arm Statute because the causes of action in these cases did not actually arise in South Carolina. In support of this position Defendants have filed affidavits stat-

4. Once jurisdiction is found to exist under the South Carolina Long Arm Statute, the Court must still determine whether the exercise of jurisdiction would be proper under the Fourteenth Amendment. *See Duplan Corp. v. Deering Milliken, Inc.,* 334 F.Supp. 703, 713 (D.S.C. 1971). However, in this case I find that Defendants' contacts in this state are more than sufficient to satisfy the "minimum contacts" analysis established by the United States Su-

preme Court. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Given the extent and nature of Defendants' contacts with this state, subjecting Defendants to suit in South Carolina would certainly not offend traditional notions of fair play and substantial justice.

ing that the typographical errors in the deeds occurred when the deeds were prepared in their law offices in Memphis. Also, the provisions of the trust agreement under which transfer of Louisiana mineral rights to the Union Planters National Bank eventually proved void were prepared and executed in Tennessee and did not involve any contact with South Carolina. However, the difficulty with this argument is that the plain wording of the Long Arm Statute does not require that a cause of action arise in South Carolina. The statute only requires that a cause of action arise out of the transaction of business in this state or the entry of a contract to be performed in part in this state.

No reference is made in the statute with respect to where the cause of action itself must arise based on these contacts in South Carolina. Also, no authority has been cited which has construed the Long Arm Statute to contain an implicit requirement that the cause of action must arise in this state. Moreover, finding that such a construction would be neither wise nor proper, this Court declines to read this requirement into the statute.[5] Consequently, Defendants' motion to dismiss for a lack of personal jurisdiction is denied.

## VENUE

■ Defendants have also moved to dismiss the claims of Plaintiffs Harris and Galligan for improper venue. Under the facts of this case, venue may be established in South Carolina with respect to these Plaintiffs only if the cause of action arose in this judicial district.[6] In other words, although personal jurisdiction may be established under the South Carolina Long Arm Statute by showing a cause of action arose in this or another state from significant contacts in this state by Defendants, for the purposes of federal venue it must be shown the action actually arose in South Carolina.

■ In determining where a cause of action arose, courts have generally applied the "weight of contacts" test. *See Arnold v. Smith Motor Co., Brookfield, Mo.,* 389 F.Supp. 1020 (N.D.Iowa 1974); *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 309 F.Supp. 1053 (E.D.Pa.1969). Essentially, this requires that where, as in the present case, a cause of action arises out of significant contacts with a number of judicial districts, these various contacts must be assessed based on the totality of circumstances involved. Of course, venue is then established in the judicial district where the most significant contacts with the cause of action exist. Only in a very "unusual case," where the contacts with various judicial districts are essentially equal, may a cause of action be found to have arisen in more than one district. *See Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979).

■ Applying this weight of contacts test to the present actions, it is clear that

---

**5.** In effect, Defendants' proposed interpretation of the Long Arm Statute would provide inappropriate and undue restrictions on the jurisdiction of the courts of this state. For example, as apparently argued in this case, an out-of-state attorney could come to South Carolina and undertake the representation of clients in very substantial and important matters, such as the supervision of the transfer of significant assets. However, that attorney could then return to his home state to prepare the technical documents necessary to complete his assignment and not be subject to suit in this state for errors made in those documents. Although the state legislature could certainly place such a restriction in the statute, it is highly unlikely that the legislature would choose to do so. Subjecting an attorney to suit in this state

under these circumstances is wholly consistent with general notions of substantial justice.

**6.** The Federal Venue Statute provides at 28 U.S.C. § 1391(a) as follows: "A civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in the judicial district where *all plaintiffs or all defendants reside, or in which the claim arose.*" (Emphasis added.) With respect to Plaintiffs Charles and James Turner, venue is clearly established in South Carolina since both parties reside in this state. However, Plaintiffs Harris and Galligan, since neither they nor the Defendants reside in South Carolina, can only establish venue in South Carolina by showing the claim arose in this state.

these causes of action arose in Memphis, Tennessee. As stated previously, Plaintiffs seek recovery against Defendants in this case for legal malpractice. The principal claim of malpractice is based on typographical errors made in several deeds prepared by Defendants at their law offices in Memphis. Further, although Defendants had significant contacts in both South Carolina and Louisiana in connection with these claims, it is only reasonable to presume that their strongest contacts were in Memphis where the majority of their decisions would have been made concerning their law practice.[7]

Consequently, Defendants' motion to dismiss the claims of Plaintiffs Harris and Galligan for improper venue is granted.[8] As previously stated, Defendants' motion to dismiss the claims of Plaintiffs Charles and James Turner for lack of personal jurisdiction is denied.

AND IT IS SO ORDERED.

## ON MOTION FOR RECONSIDERATION

This matter is before the Court on, a Motion for Reconsideration filed by Defendants pursuant to Fed.R.Civ.P. 59(a)(2). Defendants argue that this Court's Order of February 17, 1983, finding that Defendants are subject to suit in this jurisdiction under the Due Process Clause of the Fourteenth Amendment and the South Carolina Long Arm Statute, is inconsistent with established case law. Specifically, Defendants maintain that the holding in *Nelepovitz v. Boatwright,* 442 F.Supp. 1336 (D.S.C.1977), requires that these actions be dismissed for a lack of personal jurisdiction. However, *Boatwright* is clearly inapplicable in this case.

In *Boatwright,* the Court was presented with the issue of whether defendants' contacts in South Carolina were so pervasive as to subject them to the jurisdiction of this state based on a cause of action totally unrelated to those contacts. In other words, whether Defendants were "doing business" in South Carolina and, therefore, subject to suit in this state under *S.C.Code Ann.* § 36–2–802 based on any cause of action whatsoever. However, the issue presented by the present cases is whether Defendants are subject to suit in South Carolina under *S.C.Code Ann.* § 36–2–803(1)(a) and (g) based on causes of action arising technically in other jurisdictions but directly related to their contacts in South Carolina. In this circumstance, based on the reasoning in the prior Order, I found that Defendants are subject to suit in South Carolina.

Additional authority for this decision is provided by *Ratliff v. Cooper Laboratories, Inc.,* 444 F.2d 745 (4th Cir.1971).[1] In analyzing the issue of personal jurisdiction in *Ratliff,* the Court found it necessary to consider whether Defendants were "doing business" in this state only after it determined the "causes of action arose outside the forum *and were unconnected with the defendant's activities in South Carolina .....*" 444 F.2d at 747. (Emphasis added.) Contrary to Defendants' argument, a deter-

---

7. The case of *Manatee Cablevision Corp. v. Pierson,* 433 F.Supp. 571 (D.D.C.1977) is very instructive on this issue. *Manatee* involved a claim for legal malpractice. The law firm in that case maintained its sole law office in the District of Columbia. However, members of the firm were retained to represent Plaintiff in Florida. The law firm was eventually sued for malpractice arising out of this Florida representation. In ruling that the District of Columbia rather than Florida was the appropriate venue for the malpractice claim, the Court relied primarily on the fact that Defendants' law offices were located in the District of Columbia.

8. The Court certainly takes no pleasure in separating these four consolidated causes of action.

It clearly will result in a substantial waste of judicial resources to try these essentially identical claims in different judicial districts. All parties would be better served in this matter were all four cases tried in Tennessee where there is undisputable jurisdiction and venue.

1. The South Carolina Long Arm Statute has been interpreted to extend the jurisdiction of the courts of South Carolina as far as the Due Process Clause of the Fourteenth Amendment allows. *See Anthony v. Drovers Nat. Bank,* 405 F.Supp. 626 (D.S.C.1975); *Deering Milliken Research Corp. v. Textured Fibres, Inc.,* 310 F.Supp. 491 (D.S.C.1970).

mination that a cause of action arose outside the forum is not conclusive on the issue of personal jurisdiction. Where a cause of action arises outside this state, Defendants are still subject to suit in South Carolina if, as in the present case, the cause of action is connected with or arises out of Defendants' activities in South Carolina.

Consequently, Defendants' Motion for Reconsideration is denied.

AND IT IS SO ORDERED.