**DP ENVIRONMENTAL SERVICES, INC., Plaintiff,**

v.

**John C. BERTLESEN; Universal Filter–Air Systems, Inc.; and Main Frame Technologies, Inc., Defendants.**

Civ. No. 6:92CV00325.

United States District Court, M.D. North Carolina, Winston–Salem Division.

July 28, 1993.

James Gray Robinson, Robinson Maready Lawing & Comerford, Winston–Salem, NC, for plaintiff.

Michael R. Greeson, Jr., Greeson & Grace, P.A., Winston–Salem, NC and Richard M. Saccocio, Dominik, Stein, Saccocio, Reese, Colitz & Van Der Wall, Miami Lakes, FL, for defendants.

### MEMORANDUM OPINION

BULLOCK, Chief Judge.

Plaintiff DP Environmental Services, Inc., is suing Universal Filter–Air Systems, Inc.. ("Universal"), Main Frame Technologies, Inc. ("Main Frame"), and John C. Bertlesen seeking a declaratory judgment stating that Plaintiff is not infringing certain patents. Universal and Main Frame are both Michigan corporations with their principal places of business in Dexter, Michigan. John C. Bertlesen is a Michigan resident. Universal is the exclusive licensee for the patents at issue. Main Frame is a sub-licensee of Universal and is the exclusive marketing and sales entity for the products manufactured by Universal. John C. Bertlesen is holder of the patents at issue and father of the current president of Universal and Main Frame, Matthew Bertlesen. Both Universal and Main Frame have filed motions to dismiss. For the reasons discussed in this memorandum opinion, Universal's motion to dismiss for lack of personal jurisdiction will be granted. Because a declaratory judgment is binding only on those parties before the court and Universal will no longer be before the court, Plaintiff's action will be dismissed. All other motions are moot.

■ Universal has moved for dismissal pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure asserting that this court lacks personal jurisdiction over it. When a court's personal jurisdiction is properly challenged, a plaintiff bears the burden of proving the existence of grounds for jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989); *see also Haynes v. James H. Carr, Inc.*, 427 F.2d 700, 704 (4th Cir.), *cert. denied*, 400 U.S. 942, 91 S.Ct. 238, 27 L.Ed.2d 245 (1970). In the absence of a federal statute authorizing nationwide service of process in patent-infringement actions, a federal district court has personal jurisdiction over a non-resident defendant only if courts of the state in which the federal court sits would have personal jurisdiction over the defendant. *See Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus. Ltd.*, 767

F.Supp. 181, 183 (N.D.Ill.1991); *Afros S.P.A. v. Krauss–Maffei Corp.*, 624 F.Supp. 464, 466 (D.Del.1985); *Ag–Tronic, Inc. v. Frank Paviour Ltd.*, 70 F.R.D. 393, 399 (D.Neb.1976); *see generally* Fed.R.Civ.P. 4(c)(2)(C)(i) and 4(e); *Combs*, 886 F.2d at 675 (interpreting North Carolina's "long-arm" statute for purposes of determining whether personal jurisdiction existed in a civil RICO action); 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1075 (1987).

■ A federal district court evaluating the propriety of exercising personal jurisdiction under a state long-arm statute normally undertakes a two-step process. *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir.1993); *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir.1990). In the first step, the court must determine whether the long-arm statute authorizes the exercise of jurisdiction under the circumstances presented. If the court answers the first step affirmatively, it must then consider whether the statutory assertion of jurisdiction is consistent with the due process clause of the Constitution. *Id.*

■ Plaintiff has not indicated the section of North Carolina's long-arm statute[1] on which it is basing its theory of personal jurisdiction. Plaintiff's argument appears to be that Universal has established minimum contacts with North Carolina by either "doing business" in North Carolina through an alter ego or because of its manufacturer-distributor relationship with Main Frame. This court need not, however, determine whether North Carolina's long-arm statute reaches Universal. *See Ellicott Mach. Corp.*, at 477. Since North Carolina's legislature intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process, the normal two-step inquiry merges into one. *See Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977); *J.M. Thompson Co. v. Doral Mfg. Co.*, 72 N.C.App. 419, 424, 324 S.E.2d 909, 913, *discretionary review denied*, 313 N.C. 602, 330 S.E.2d 611 (1985).

1. N.C.Gen.Stat. § 1–75.4.

■ In determining whether the exercise of personal jurisdiction over Universal comports with due process, this court must consider "whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 [1945] ). Minimum contacts exist where a defendant has " 'purposefully directed' " its activities at the residents of the forum state. *Id.* 471 U.S. at 472, 105 S.Ct. at 2182 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 [1984] ). Minimum contacts are present where the defendant has engaged in conduct creating "a 'substantial connection' with the forum State" so that the defendant can be said to have purposefully "availed himself of the privilege of conducting business there." *Id.* 471 U.S. at 475–76, 105 S.Ct. at 2184 (quoting *McGee v. International Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 [1957] ).

■ Once it has been decided that a defendant purposefully established minimum contacts with the forum state, the court must then consider other factors to determine whether exercising personal jurisdiction would comport with " 'fair play and substantial justice.' " *Id.* 471 U.S. at 476, 105 S.Ct. at 2184 (quoting *International Shoe,* 326 U.S. at 320, 66 S.Ct. at 160). In *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Supreme Court indicated five factors to consider in this regard. They are:

the burden on the defendant, ... the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, ... the interstate judicial system's interest in obtaining the most efficient resolution of controversies[,] and the shared interest of the several States in furthering fundamental substantive social policies.

*Id.* at 292, 100 S.Ct. at 564 (citations omitted).

■ Plaintiff has not attempted to show any direct contact between Universal and the state of North Carolina. It is undisputed that Universal manufactures and sells its products exclusively in Michigan. Its only customer is Main Frame, another Michigan corporation. Plaintiff has presented no evidence of Universal's purposefully initiating a business relationship with any North Carolina resident. Moreover, there is nothing to indicate that Universal maintains any real estate, bank accounts, offices, or telephone listings in North Carolina. Thus, there would seem to be no basis upon which to assert personal jurisdiction over Universal. *See Gerber Scientific Instrument Co. v. Barr & Stroud, Ltd.,* 383 F.Supp. 1238, 1239 (D.Conn.1973). Plaintiff does allege, however, that Universal has been "doing business" in North Carolina through its alter ego, Main Frame. In doing so, Plaintiff is attempting to attribute Main Frame's contacts with North Carolina to Universal.

■ Even assuming that Main Frame and Universal are somehow related, the mere fact that Main Frame does business in North Carolina is an insufficient basis for invoking personal jurisdiction over Universal, which otherwise has no contacts with the forum state. *See Cannon Mfg. Co. v. Cudahy Packing Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925); *Harris v. Deere & Co.,* 223 F.2d 161 (4th Cir.1955); *see also Manville Boiler Co. v. Columbia Boiler Co.,* 269 F.2d 600 (4th Cir.), *cert. denied,* 361 U.S. 901, 80 S.Ct. 208, 4 L.Ed.2d 156 (1959) (no venue in patent infringement action under 28 U.S.C. § 1400[b] ). The burden of establishing a basis for disregarding a corporate entity and applying the alter ego doctrine rests on the party asserting the claim. *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.,* 540 F.2d 681, 683 (4th Cir.1976); *Holcomb v. Pilot Freight Carriers, Inc.,* 120 B.R. 35, 43 (M.D.N.C.1990). Application of the doctrine must be exercised reluctantly and cautiously. *Keffer v. H.K. Porter Co.,* 872 F.2d 60, 65 (4th Cir.1989); *DeWitt Truck Brokers,* 540 F.2d at 683. It is not enough that the stock in two corporations is held by the same individuals and that those two corporations share the same officers and directors. *See North Carolina ex rel. Long v. Alexander & Alexander Servs., Inc.,* 711 F.Supp. 257, 264 (E.D.N.C.1989).

Although the decision on whether to pierce the corporate veil depends on the facts of each case, the Fourth Circuit has identified some factors which suggest the propriety of disregarding the corporate form:

> gross undercapitalization of the subservient corporation; failure to observe corporate formalities; nonpayment of dividends; siphoning of the corporation's funds by the dominant corporation; non-functioning of officers and directors; absence of corporate records; and the fact that the corporation is merely a facade for the operation of the dominant stockholder or stockholders.

*Keffer*, 872 F.2d at 65 (citing *DeWitt Truck Brokers*, 540 F.2d at 685–87). As the Fourth Circuit stated in *DeWitt Truck Brokers*, the decision to disregard the corporate entity must rest on a number of the factors above as well as some element of injustice or fundamental unfairness. 540 F.2d at 687. Plaintiff has not demonstrated any of the factors articulated above nor has it demonstrated some element of injustice or fundamental unfairness. In short, there is no basis here to attribute Main Frame's contacts with North Carolina to Universal and to do so would be fundamentally unfair.

Plaintiff also argues that the manufacturer-distributor relationship between Universal and Main Frame in and of itself can submit Universal to the personal jurisdiction of this court based on Main Frame's minimum contacts. Plaintiff relies on *Hardy v. Pioneer Parachute Co.*, 531 F.2d 193 (4th Cir.1976). Unlike the defendant in *Hardy*, however, Universal is not a non-resident shipper of goods being sued in a products liability action. The stream of commerce theory for asserting personal jurisdiction is inapplicable in a case such as this where the cause of action did not arise from the manufacturer's products in the forum state. *See Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 589–90 n. 3 (E.D.Va.1992). Put simply, Plaintiff has failed to convince this court that Universal purposefully availed itself of the privilege of doing business in North Carolina. *See Burger King Corp.*, 471 U.S. at 474, 105 S.Ct. at 2183. Accordingly, Plaintiff's action against Universal will be dismissed. This court, in its discretion, will dismiss the remainder of Plaintiff's action against all remaining Defendants.

The exercise of jurisdiction under the Federal Declaratory Judgment Act is discretionary, not mandatory. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620, *reh'g denied*, 317 U.S. 704, 63 S.Ct. 23, 87 L.Ed. 562 (1942); *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir.1937). A declaratory judgment is binding only on those parties before the court. 7 Ernest B. Lipscomb III, *Walker on Patents* § 24:12 (3d ed. 1988). The remedy of a declaratory judgment should not be accorded to "try a controversy by piecemeal, or to try particular issues without settling the entire controversy." *Quarles*, 92 F.2d at 325, *quoted in Allied–General Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 (4th Cir.1982), and *Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir.1992).

Adjudication of this action without Universal joined as a defendant will not settle the entire controversy between the parties, and therefore it should be dismissed. Plaintiff indicates in its memorandum of law in opposition to Universal's motions to dismiss that Universal is actively engaged in pending litigation in Florida on the same matters in controversy here. Any declaratory judgment issued in this action would not foreclose Universal, as the exclusive licensee for the patents at issue, from raising the issue of patent infringement in the future. *See* 7 Ernest B. Lipscomb III, *Walker on Patents* § 23:15 (3d ed. 1988). In fact, Universal may well be an indispensable party in this action. *See generally In–Tech Marketing, Inc. v. Hasbro, Inc.*, 685 F.Supp. 436, 438–41 (D.N.J.1988); 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1614 (1986).

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### ORDER

IT IS ORDERED that Plaintiff's motion to compel and Plaintiff's motion for sanctions are **DENIED**.

For the reasons set forth in the Memorandum Opinion filed contemporaneously herewith, IT IS ORDERED that Defendant Universal Filter–Air Systems, Inc.'s Rule 12(b)(2) motion to dismiss is **GRANTED,** and this civil action is hereby **DISMISSED.**