**Herman KOGAN and Lloyd Wendt, Plaintiffs,**

**v.**

**Stephen LONGSTREET and David McKay Company, Inc., Defendants.**

**No. 73 C 2582.**

United States District Court, N. D. Illinois.

March 29, 1974.

Dennis D. Dicks, Chicago, Ill., for plaintiffs.

Patrick W. O'Brien and William Thomas Braithwaite, of Mayer, Brown & Platt, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to dismiss the complaint because of improper venue.

This action seeks to redress the alleged violation of the copyright laws of the United States. The plaintiffs Herman Kogan and Lloyd Wendt are authors and residents of the State of Illinois. The defendant Stephen Longstreet is allegedly a citizen and resident of the State of California. The defendant David McKay Company, Inc. ("McKay") is a New York corporation engaged in the business of publishing books and other literary works. The defendant McKay is licensed to do business in the State of New York and has acted as agent for the defendant Longstreet in connection with all matters pertaining to the publishing, selling and distribution of a certain book written by defendant Stephen Longstreet.

This Court's jurisdiction is allegedly based on 28 U.S.C. § 1338. The amount in controversy allegedly exceeds the sum of $10,000 exclusive of interest and costs.

The plaintiffs in the complaint allege *inter alia* the following facts:

1. Prior to February 1, 1943, the Plaintiffs, who then were and ever since have been residents of these United States, created and wrote an original book entitled, *Lords of the Levee: The Story of Bathhouse John and Hinky Dink.* That book is an original work and is copyrightable under the applicable laws of the United States in accordance with the provisions of the Copyright Act, Title 17 United States Code, and all Acts amendatory thereto.

2. On or about February 1, 1943, the Plaintiffs complied in all respects with the aforesaid Copyright Act and other laws covering copyright and the Plaintiffs secured the exclusive rights and privileges in and to the copyright of said book and they received from the Registrar of Copyrights a certificate of registration dated and certified as follows:

   "February 1, 1943, Registry No. 170705 (Library of Congress, Washington, D. C.)";

   and that in the calendar year 1970 said copyright was renewed for a second 28-year term. Since February 1, 1943, said book has been published by Bobbs-Merrill Company, Inc. on behalf of the Plaintiffs, and all copies of it made by Plaintiffs or under their authority of license have been printed, bound and published in strict conformity with the provisions of the Copyright Act, as amended, as hereinbefore more fully set forth, and all other laws governing copyright.

3. In 1967, pursuant to an arrangement with Bobbs-Merrill Company, Inc., the Indiana University Press published, on behalf of the Plaintiffs, a Midland Book edition of *Lords of the Levee* which was re-titled *Bosses in Lusty Chicago* which was published in the same manner as more fully set forth in paragraph 10 above of this Complaint. Since February 1, 1943, Plaintiffs have been and still are the sole proprietors of all rights, title and interest in and to the copyright in said book. On or about 1973, Defendant, Stephen Longstreet, copyrighted a certain book entitled *Chicago: 1860–1919*, and Defendant, David McKay Company, Inc., subsequently printed, bound and published said book. Defendants, without requesting permission and/or receiving permission from the Plaintiffs or their publisher, appropriated substantial portions of said Plaintiffs' book and incorporated same in Defendant's book. The Acknowledgement section in the Defendant's book failed to list the Plaintiffs' book as being a source.

4. Defendant's book entitled *Chicago: 1860–1919*, specifically Chapter 48 entitled "Bathhouse John", Chapter 49 entitled "Come to the Levee", Chapter 50 entitled "Hinky Dink", and Chapter 69 entitled "Last of the Gold Dust Twins", was copied largely from Plaintiffs' copyrighted book, *Lords of the Levee*, also known as *Bosses in Lusty Chicago*, and that Defendants neither requested nor received permission for use of said original and copyrighted material. The Defendants did individually and jointly, by publishing said book, to wit *Chicago: 1860–1919*, then and there infringe upon the Plaintiffs' copyright in their copyrighted book *Lords of the Levee*, also known as *Bosses in Lusty Chicago*.

The Defendants in support of the instant motion contend:

1. Venue is improper in the Northern District of Illinois because neither defendant resides or is found in this District.

2. Committing a tort, while sufficient to confer personal jurisdiction does not establish that the Defendants are found in this District for Venue purposes.

The Plaintiffs in opposition to the instant motion contend that:

1. Venue in the Northern District of Illinois is proper as to both defendants because they transacted business within the State of Illinois and are therefore "found" here according to the requirements of 28 U.S.C. § 1400(a).

2. Venue in the Northern District of Illinois is proper as to both defendants because the defendants committed a tortious act within the State of Illinois and are, therefore, "found" here thus satisfying the requirements of 28 U.S.C. § 1400(a).

3. The copyright infringement trial should be convened in Illinois because the tort was committed in Illinois and Illinois is the most logical and convenient situs for suit.

It is the opinion of this Court that the motion to dismiss should be denied because this Court appears to have proper venue over the instant controversy.

**I. FOR VENUE TO BE PROPERLY LAID IN THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, McKAY AND LONGSTREET MUST BE "FOUND" HERE.**

The basis for jurisdiction alleged in plaintiffs' complaint is 28 U.S.C. § 1338(a) which provides:

"(a) the district court shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyright and trademarks. Such jurisdiction shall be exclusive of the courts of the States in patent and copyright cases."

The federal statutory copyright provision, 28 U.S.C. § 1400(a) states:

"(a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found."

Defendant Longstreet resides in California and Defendant McKay in New York. Venue in the Northern District of Illinois is proper only if the defendants, or one of them, is "found" here. The parties have agreed that if the defendant McKay, the agent of Longstreet, is "found" in the Northern District, so too will Mr. Longstreet be "found" here.

As a practical matter, the test for determining whether a non-resident corporation or its agent is "found" within a district, pursuant to 28 U.S.C. § 1400(a), is the same as that for determining whether a corporation is amenable to suit in a jurisdiction other than that in which it is incorporated. See: Backer v. Gonder Ceramic Arts, 90 F. Supp. 737 (S.D.N.Y., 1950); Geo-Physical Maps v. Toycraft Corporation, 162 F.Supp. 141 (S.D.N.Y., 1958); Gauvreau v. Warner Bros. Pictures, Inc., 178 F.Supp. 510 (S.D.N.Y., 1958). In so far as the defendant McKay is concerned, the questions of personal jurisdiction and of venue are one and the same. See Geo-Physical Maps v. Toycraft Corporation, *supra.*

In order for a non-resident corporate defendant to be amenable to suit in this district under the standards enunciated in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), it must affirmatively appear that the defendant's activities in the Northern District of Illinois were so systematic and continuous as to make it present in this jurisdiction for the purposes of service of process.

It has also been recognized that the copyright statute does not require a stronger finding of presence with its reference to "may be found" than is usually required in order to obtain jurisdiction over a corporate defendant. Boltons Trading Corporation v. Killiam, 320 F.Supp. 1182 (S.D.N.Y., 1970). In other words, the standard is the same

whether jurisdiction is determined with reference to the relevant state long-arm statute or with reference to the copyright statute.

■■ The legislative intent of the Illinois long arm statute (Chapter 110, §§ 16 and 17 of the Illinois Revised Statutes) is to exert jurisdiction over nonresidents to the extent permitted under the due process clause. O'Hare International Bank v. Hampton, 437 F.2d 1173 (7th Cir., 1971); Hutter Northern Trust v. Door County Chamber of Commerce, 403 F.2d 431 (7th Cir., 1968); Nelson v. Miller, 11 Ill.2d 378, 143 N.E. 2d 673 (1957); Ziegler v. Houghton-Mifflin Co., 80 Ill.App.2d 210, 224 N.E. 2d 12 (1967). The due process implications of the extension of personal jurisdiction over nonresident defendants were settled in International Shoe Co. v. State of Washington, *supra;* McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958). The thrust of these decisions is that sufficient "minimum contacts" must exist in the forum state so that jurisdiction over nonresident defendants is reasonable and just according to traditional concepts of fair play and substantial justice. There is no set formula or rule of thumb for determining whether there are sufficient minimum contacts short of ascertaining what is fair and reasonable in the circumstances of a particular case. Hutter Northern Trust v. Door County Chamber of Commerce, *supra.*

■ Thus, the relevant inquiry is whether the defendant engaged in some act or conduct by which it may be said to have invoked the benefits and protections of the law of the forum. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961); Consolidated Laboratories, Inc. v. Shandon Scientific Co., 384 F.2d 797 (7th Cir., 1967).

II. THE DEFENDANTS HAVE SUFFICIENT MINIMUM CONTACTS WITH THE NORTHERN DISTRICT OF ILLINOIS SO THAT THEY ARE CLEARLY "FOUND" WITHIN THIS DISTRICT ACCORDING TO 28 U.S.C. § 1400(a).

■ For the purposes of the instant motion, the parties have agreed that McKay is not incorporated in Illinois nor licensed to do business here; that there is no Illinois resident authorized to accept service of process on behalf of McKay; and that defendant McKay has no telephone listing, bank account or real property in Illinois.

However, it appears to this Court that the defendant McKay has sufficient "minimum contacts" with the Northern District of Illinois and thus is "found" in this district for the purpose of 28 U. S.C. § 1400(a). The defendant McKay in its Answer to plaintiff's request for admission has admitted *inter alia* the following facts:

1. It has distributed books to Illinois retailers, distributors and book purveyors for at least 50 years.

2. Its agents and representatives have solicited orders from its Illinois customers for at least 50 years.

3. It sends new books to Illinois retailers, distributors and book purveyors on a "sale-and-return" basis.

4. It has advertised in local Illinois newspapers and local Illinois periodicals from time to time.

5. It has caused certain advertisements to appear in several Chicago newspapers and/or periodicals attempting to generate interest and promotion of sale of its book entitled, *Chicago: 1860–1919* by Stephen Longstreet.

6. It has caused copies of this book to be transported by common carrier to its Illinois customers.

7. It sells and distributes books on a "sale and return" basis to among others Kroch's & Brentano's Inc.; Marshall Field & Co.; Stuart Brent Books & Records; Charles Levy Circulating Co.; Inland

**52**

Book Distributors; Follets Library Book Co.; Cokesbury, Oak Street Bookshop, Inc.; Carson, Pirie Scott & Co.; all doing business in the State of Illinois.[1]

Further, the book in question written by defendant Longstreet is a book dealing exclusively with the City of Chicago and, therefore, the interest in the book is greatest in Chicago, and McKay pursuant to contracts entered into and executed in Illinois sold numerous copies of defendant Longstreet's book. This continuous course of conduct which includes the shipment of goods and the solicitation of business does constitute transacting business in this District so that McKay can certainly be said to be found in this District.[2]

Congress may, of course, establish venue requirements for various kinds of cases depending on its estimation of the relative inconvenience of requiring a defendant to litigate in a particular forum.[3] It has decided that copyright actions may be brought in the district where the defendant resides or may be found. 28 U.S.C. § 1400(a). It is clear to this Court after carefully examining the defendant McKay and Longstreet's contacts with this District, that it is fair and reasonable in this case to determine that defendants McKay and Longstreet are "Found" within this District for the

purpose of 28 U.S.C. § 1400(a). Thus the venue in this Court is proper and just.

Accordingly it is hereby ordered that the defendants' motion to dismiss is denied.

1. There appear to be several discrepancies between the defendant Longstreet's affidavit and his answers to plaintiffs' request for admissions. In Longstreet's affidavit, he stated that he has never "visited any of its cities since the 1930's. But for passing through in trains, which time I spent in railroad stations waiting for connections." In defendant Longstreet's answers to plaintiffs' requests for admission, Longstreet "admits he was physically present in Chicago for two days during the summer of 1973" and "that while in Chicago on the occasion referred to in answer to request 1, above, (a) he appeared for several minutes on a morning TV program broadcast in Illinois, during the course of which his book . . . was mentioned, and (b) he appeared for approximately half an hour on an evening radio program broadcast in Illinois."

2. This Court's finding that McKay is "found" in this District is supported by other similar

court decisions. In State of Illinois v. Harper & Row Publishers, Inc., David McKay Company Inc. et al., 308 F.Supp. 1207 (N. D.Ill., 1969), the defendant McKay filed a motion to dismiss for improper venue based on virtually the same facts alleged in this action. This motion was denied. The Court found that the defendant made substantial sales to persons in this forum, had done so continuously for a number of years, was represented by salesmen who visited relevant parts of this forum state and sent catalogues and other promotional and advertising materials into this State. Thus, a prior ruling relying on similar statutory language determined that the defendant McKay was found in this District. See 15 U.S.C. § 22.

3. Compare, for example, the venue requirements prescribed in 28 U.S.C. § 1400(a) for copyright actions and those of 28 U.S.C. § 1400(b) for patent actions.