**STORE DECOR DIVISION OF JAS INTERNATIONAL, INC., an Illinois corporation, Plaintiff,**

v.

**STYLEX WORLDWIDE INDUSTRIES, LTD., a Massachusetts Corporation, Beauty Brokers, Ltd., a Massachusetts corporation, and Francis Laurence. Defendants.**

No. 90 C 4353.

United States District Court, N.D. Illinois, E.D.

June 21, 1991.

Charles A. Laff, Larry L. Saret, Lawrence R. Robins, Laff, Whitesel, Conte & Saret, Chicago, Ill., for plaintiff.

Henry L. Brinks, Gustavo G. Siller, Jr., Willian, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Plaintiff filed this suit against defendants alleging, *inter alia*, copyright infringement. Before the court is defendants' motions to dismiss for lack of personal jurisdiction, for improper venue, and for failure to state a claim for copyright infringement. Alternatively, defendants move to transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). For the following reasons, all of defendants' motions are denied.

### BACKGROUND

The facts alleged in plaintiff's amended complaint are as follows. Plaintiff is an Illinois corporation with its principal place of business in Chicago. Defendants Stylex and Beauty Brokers are Massachusetts corporations with their principal places of business in Massachusetts. Defendant Laurence is the president of both Stylex and Beauty Brokers.

In 1987, plaintiff created four mirrored acrylic sculptures for use as beauty parlor furnishings. Since 1987, the sculptures have been published by plaintiff "in conformance with the provisions of the Copyright Laws." The certificates of registration for these sculptures were issued on February 21, 1990. Both corporate defendants had access to these works because both purchased them from plaintiff on May 15, 1989. Sometime prior to January of 1990, defendants copied the copyrighted works and sold the copies in the northern district of Illinois and elsewhere in the United States. Beauty Brokers "sells all of its products through independent sales representatives and distributors and directly to customers via United Parcel Services." Beauty Brokers has sold the allegedly infringing products in Illinois through its independent sales representatives and distributors in Illinois. Stylex sold the allegedly infringing products in Chicago in March of 1990. Defendant Laurence is the dominant influence in both Stylex and Beauty Brokers and personally determined the corporate policies of both Stylex and

Beauty Brokers which have resulted in the alleged infringement. Laurence has derived financial benefit directly from the sales of the allegedly infringing products.

## ANALYSIS

*Personal Jurisdiction*

■ Unless authorized by a federal statute or a federal rule of civil procedure (e.g., in interpleader cases), a federal district court has personal jurisdiction over a nonresident defendant only if the courts of the state in which the federal court sits would have personal jurisdiction over the defendant. *Davis v. A & J Electronics,* 792 F.2d 74, 75–76 (7th Cir.1986). In making this determination, the court must apply a two-step analysis: (1) whether the facts alleged in a particular case bring the defendant within the reach of the forum state's long arm statute, and if so, (2) whether the court's exercise of personal jurisdiction over the defendant is consonant with due process.

The Illinois long arm statute provides in relevant part:

(a) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

(1) The transaction of any business within this state;

(2) The commission of a tortious act within this state[.]

Ill.Rev.Stat. ch. 110, para. 2–209(a).

■ A cause of action for copyright infringement sounds in tort. *Leo Feist,*

*Inc. v. Young,* 138 F.2d 972, 975 (7th Cir. 1943); *Burwood Products Company v. Marsel Mirror and Glass Products, Inc.,* 468 F.Supp. 1215, 1218 (N.D.Ill.1979); *see also Video Views, Inc. v. Studio 21, Ltd.,* 925 F.2d 1010, 1013 (7th Cir.1991) (dictum). With respect to the issue of whether an allegedly tortious act was committed "within [Illinois]", another court in this district has observed that "[d]amage to intellectual property rights ... by definition takes place where the [property] *owner* suffers the damage." *Acrison, Inc. v. Control and Metering, Ltd.,* 730 F.Supp. 1445, 1448 (N.D.Ill.1990) (Shadur, J.) (emphasis in original) (holding that court did not have personal jurisdiction pursuant to § 2–209(a)(2) over a defendant who was not "transact[ing] ... business" in Illinois within the meaning of § 2–209(a)(1) because the plaintiff was a non-Illinois corporation and the tort thus occurred outside of Illinois). This court agrees with the *Acrison* court's conclusion that an infringement of a plaintiff's intellectual property right, which right is by definition intangible, must, by definition occur "where the owner suffers the damage", i.e. where the owner is located. The plaintiff in this case, Store Decor, is an Illinois corporation with its headquarters and operations in Chicago.[1]

■ Defendant Beauty Brokers concedes in its memorandum in support of its motion to dismiss that it has independent sales representatives and distributors in Illinois and that it has sold the allegedly infringing products in Illinois. Defendant Stylex also concedes in its memorandum in support of its motion to dismiss that it has independent sales representatives and distributors in Illinois and that it attended a "flea market"[2] in Chicago in March of 1990 and sold

---

**1.** This court is aware of the Illinois Supreme Court's decision in *R.W. Sawant & Co. v. Allied Programs, Corp.,* 111 Ill.2d 304, 95 Ill.Dec. 496, 489 N.E.2d 1360 (1986). In *Sawant,* the court held that the occurrence of economic loss to the plaintiff in Illinois as a result of a defendant's tortious acts, all of which occurred outside of Illinois, is not enough to bring a defendant within the scope of § 2–209(a)(2). This court need not determine whether there is a conflict between *Acrison* and *Sawant* and if so, which case this court would be bound to follow be-

cause, see *infra* in the text of this opinion, plaintiff alleges not only that it suffered economic loss in Illinois, but also (and defendants so concede) that all three defendants committed tortious acts *in* Illinois.

**2.** Plaintiff claims that the event was actually the largest trade show of the beauty industry. Whether it was a flea market or a trade show is irrelevant to the resolution of the motions before the court.

$400 worth of the allegedly infringing products at that "flea market". Both corporate defendants have thus committed alleged torts in Illinois and thus fall within the reach of § 2–209(a)(2). Defendant Laurence is liable for these alleged infringements if he was the dominant influence in the two corporate defendants and personally determined the corporate policies which resulted in the alleged infringement. *Burwood Products* at 1219. Plaintiff has so alleged. Plaintiff thus properly states a claim for copyright infringement against Laurence. Since copyright infringement is a tort, Laurence falls within the ambit of § 2–209(a)(2).[3]

Since all three defendants have allegedly committed tortious acts in Illinois and since these acts form the basis of plaintiff's complaint against defendants, all three defendants fall within the ambit of § 2–209(a)(2) of the Illinois long arm statute. The next issue is whether this court's exercise of personal jurisdiction over defendants is consonant with their due process rights. In contrast to the inquiry under § 2–209(a)(2) of the Illinois long arm statute, the extent of defendants' contacts with Illinois is a relevant consideration in determining whether this court's exercise of personal jurisdiction over them would violate their due process rights.

The demands of due process are met when there are "minimum contacts" between the forum and the defendant such that "maintenance of the suit [in that particular forum] does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Due process is satisfied

when "[a] defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Store Decor's asserted cause of action against all three defendants arises out of their tortious conduct in violating Store Decor's copyright rights. Some of this tortious conduct admittedly occurred in Illinois. This conduct, which is the basis of plaintiff's complaint, provides the necessary "minimum contacts" with Illinois. Defendants who violate the copyright rights of an Illinois owner in Illinois cannot be heard to complain that they could not reasonably anticipate being haled into an Illinois court to defend against a complaint by the Illinois owner for copyright infringement.

*Failure to State a Claim*

 To state a claim for copyright infringement, a plaintiff must allege ownership of a valid copyright and "copying" of the copyrighted material by the defendant. *Atari, Inc. v. North American Philips Consumer Electronics Corp.,* 672 F.2d 607, 614 (7th Cir.1982) *(superseded by statute on other grounds as stated in Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423, 1429 (7th Cir.1985)). Because direct evidence of copying often is unavailable, copying may be inferred where the defendant had access to the copyrighted work and the allegedly infringing work is substantially similar to the copyrighted work. *Id.* Plaintiff alleges in its amended complaint that it owns a validly registered

---

**3.** Defendants argue that they do not fall within the reach of § 2–209(a)(2) because their sales of the allegedly infringing products in Illinois were *de minimus.* While a *de minimus* inquiry is relevant in determining whether a defendant falls within the "transact[ing] business" provision of the Illinois long-arm statute, defendants cite no authority for the proposition that there is a *de minimus* qualification to the tortious act provision of the Illinois long arm statute. Quite the contrary, Illinois courts have held that the commission of a single tortious act in Illinois brings a defendant within the scope of § 2–209(a)(2) even if the defendant has no other

contact with Illinois and has never been to Illinois. *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 438, 444, 176 N.E.2d 761 (1961); *Nelson v. Miller,* 11 Ill.2d 378, 143 N.E.2d 673 (1957); *Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.,* 66 Ill.App.3d 789, 795, 23 Ill.Dec. 352, 383 N.E.2d 1379 (1st Dist.1978). Since personal jurisdiction over all three defendants is proper under § 2–209(a)(2) of the Illinois long arm statute, this court need not determine whether any of the defendants "transact[ed] ... business" in Illinois within the meaning of § 2–209(a)(1).

copyright for the four sculptures in question. Plaintiff also alleges that defendants Stylex and Beauty Brokers had direct access to the copyrighted goods, having purchased them from plaintiff in May of 1989 through their president, defendant Laurence. Plaintiff also alleges that defendants Stylex and Beauty Brokers copied and sold copies of plaintiff's copyrighted sculptures. Plaintiff thus clearly states a claim for copyright infringement against these two defendants. Plaintiff also alleges that defendant Laurence is liable for these alleged infringements as a corporate officer because he was the dominant influence in both Stylex and Beauty Brokers and because he personally determined the corporate policies which resulted in the alleged infringement. Plaintiff thus also states a claim against Laurence. *Burwood Products* at 1219.

### Propriety of Venue in Illinois

 Venue in a copyright infringement action lies in the district where the defendants "reside or may be found." 28 U.S.C. § 1400(a). It is undisputed that defendants do not reside in Illinois. The issue then is whether defendants "may be found" in Illinois. A defendant "may be found" in any district in which he is subject to personal jurisdiction. *Burwood Products* at 1217; *Kogan v. Longstreet*, 374 F.Supp. 47, 50 (N.D.Ill.1974). Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper. Since, for the reasons stated *supra,* all three defendants are subject to personal jurisdiction in this district, venue is also proper in this district.

### Transfer of Venue

 In order to show that a transfer of venue is proper under 28 U.S.C. § 1404(a), the moving party must show: (1) that venue is proper in the transferor district; (2) that venue is proper in the transferee district; and (3) that transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. *General Accident Ins. Co. v. Travelers Corp.*, 666 F.Supp. 1203, 1206

(N.D.Ill.1987). As discussed *supra,* venue is proper in this district. It is undisputed that venue is also proper in the proposed transferee forum, Massachusetts, because all three defendants reside or can be found there. Thus, the resolution of this motion depends on whether or not defendants have carried their burden of proving that a transfer would "clearly" serve the convenience of the parties and the witnesses and the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–220 (7th Cir.1986). In considering these factors, the plaintiff's choice of forum is entitled to "substantial weight", *Central States, Southeast & Southwest Areas Pension Fund v. Brown,* 587 F.Supp. 1067, 1070 (N.D.Ill.1984), especially where, as here, the plaintiff is a resident of the district in which it filed suit. *Bodine's Inc. v. Sunny–O, Inc.,* 494 F.Supp. 1279, 1285 (N.D.Ill.1980). If transfer would simply shift the inconvenience of litigation from the defendants to the plaintiff, transfer is not warranted. *Coffey* at 220.

 Plaintiff argues, and defendants do not dispute, that there is one potential witness for each party: defendant Laurence for defendants, and plaintiff's president, Aaron Sonnenschein, for plaintiff. Plaintiff's documentary evidence is located in this district and defendants' documentary evidence is located in Massachusetts. Transfer is not warranted for the convenience of the parties and witnesses.

With regard to the interest of justice factor of a transfer motion, the factors which a court should consider include: (1) the location of the alleged wrongdoing, and (2) the forum in which prospective witnesses are subject to compulsory process. *See e.g. Wilmot H. Simonson Co. v. Green Textile Associates, Inc.,* 554 F.Supp. 1229, 1234 (N.D.Ill.1983). As explained *supra,* at least some of defendants' alleged wrongdoing in this case occurred in Illinois. All potential witnesses, including defendant Laurence, are subject to compulsory process in this district. Thus, the interest of justice also would not "clearly" be best served by a transfer of venue.

## CONCLUSION

This court has personal jurisdiction over all three defendants. Plaintiff states a claim for copyright infringement against all three defendants. Venue is proper in this district and a transfer of venue to the District of Massachusetts is not warranted. Accordingly, defendants' motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), (3), & (6) and for transfer of venue pursuant to 28 U.S.C. § 1404(a) are denied.