**MILWAUKEE CONCRETE STUDIOS,
LTD., Plaintiff,**

v.

**FJELD MANUFACTURING CO., INC.
and Janice Krueger, Defendants.**

No. 91–C–880.

United States District Court,
E.D. Wisconsin.

Dec. 20, 1991.

Pattishall, McAuliffe, Newbury, Hilliard & Geraldson by Craig S. Fochler, Chicago, Ill., Robert D. Silver, Park Ridge, Ill., Paul R. Puerner, Milwaukee, Wis., for plaintiff.

Robins, Kaplan, Miller & Ciresi by Alan M. Anderson, Minneapolis, Minn., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On August 14, 1991, Milwaukee Concrete Studios, Ltd., instituted the above-captioned action alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. The defendants, Fjeld Manufacturing Co. and Janice Krueger, have filed a motion to dismiss the action for improper venue, pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure. The motion will be granted.

### I.

Milwaukee Concrete Studios, of Oak Creek, Wisconsin, is engaged in the business of creating, manufacturing, and selling concrete statuary for architectural landscaping use. Its products are distributed throughout the country by garden centers, retail outlets, and its own factory outlet. Fjeld Manufacturing, a small business consisting of six employees, is located in Minot, North Dakota. It is incorporated in the state of North Dakota and is engaged in the business of, among other things, selling ornamental concrete products at the wholesale and retail level. It operates under the direction of Ms. Krueger, a citizen of North Dakota.

In its "verified" complaint, Milwaukee Concrete Studios alleges that its product line "features a large number of original products" and that it owns more than 150 copyright registrations for its designs. Included in the product line is a set of eight designs comprising, among other things, birdbaths, fountains, and planters; collectively, Milwaukee Concrete Studios calls these designs the "Oakwood Family Series."

The complaint alleges that Ms. Krueger, on behalf of Fjeld Manufacturing, attended a trade show in Chicago during the winter of 1987–88 at which time she visited an exhibit booth operated by Milwaukee Concrete Studios and its president, James Malkowski. According to the complaint, Ms. Krueger showed particular interest in the "Oakwood Squirrel Birdbath" and discussed the commercial success of that item with Mr. Malkowski. An exhibit to the complaint discloses that on January 3, 1986, Milwaukee Concrete Studios acquired a certificate of copyright registration (No. VA 211 215) for that birdbath, as a "sculpture."

The complaint alleges that in 1990 Ms. Krueger travelled to Winnipeg, Canada, where she purchased (for Fjeld Manufacturing) a birdbath that "simulates the original design of" the "Oakwood Squirrel Birdbath" sold by Milwaukee Concrete Studios. It also alleges that Ms. Krueger was aware that the birdbath purchased in Canada was an unauthorized copy and that her importation of the item (on behalf of Fjeld Manufacturing) constitutes willful copyright infringement.

In addition, the complaint charges that Ms. Krueger contacted Steve Hrkal of Greeley Ornamental Concrete Products, the second largest manufacturer of concrete statuary in Wisconsin, to determine whether it would be interested in making a mold of her birdbath. It is alleged that Ms. Krueger (on behalf of Fjeld Manufacturing) subsequently delivered her birdbath to Greeley Ornamental Concrete Products, who created a mold from which it manufactured over 500 infringing birdbaths. The

plaintiff claims that these birdbaths were sold and delivered throughout Wisconsin.

Milwaukee Concrete Studios, who has filed a separate action against Greeley Ornamental Concrete Products (Case No. 91–C–351 (E.D.Wis. complaint filed April 10, 1991)), charges that Ms. Krueger and Fjeld Manufacturing have committed contributory copyright infringement.

## II.

In its complaint, Milwaukee Concrete Studios states that "venue is proper based upon 28 U.S.C. § 1400(a) expressly relating to the copyright law of the United States." Complaint at 2, ¶ 6. The effect of the defendants' motion to dismiss is to call upon Milwaukee Concrete Studios to support its assertion that venue is proper. In this respect, Milwaukee Concrete Studios makes much of the fact that it has filed a "verified" complaint—one executed on behalf of Milwaukee Concrete Studios by its president, James Malkowski, under penalty of perjury, *see* 28 U.S.C. § 1746.

■ Insofar as it contends that 28 U.S.C. § 1400(a) is the governing venue statute, Milwaukee Concrete Studios is entirely correct. That section provides as follows:

Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights ... may be instituted *in the district* in which the defendant or his agent *resides or may be found.*

28 U.S.C. § 1400(a) (emphasis added). As all claims in this action arise under the Copyright Act of 1976, there is no question that the propriety of Milwaukee Concrete Studios' choice of venue must be determined under 28 U.S.C. § 1400(a).

■ However, examining the record in light of the requirements of 28 U.S.C. § 1400(a), the court without difficulty finds that neither Ms. Krueger or Fjeld Manufacturing, her small business of six employees, "reside" in the Eastern District of Wisconsin, which comprises some 28 counties in roughly the eastern one-third of the state. It is undisputed that both defendants "reside" in Minot, North Dakota. Fjeld Manufacturing's state of incorpo-

ration is North Dakota, and its principal place of business is Minot, North Dakota. Furthermore, Milwaukee Concrete Studios has not identified any agents of either defendant (although it might be said that one defendant—Ms. Krueger—is an agent of the other—Fjeld Manufacturing). Therefore, venue is proper only if it can be shown that either Fjeld Manufacturing or Ms. Krueger "may be found" in the district.

In support of its allegation of venue, Milwaukee Concrete Studios suggests that under 28 U.S.C. § 1400(a) a party "may be found" wherever it is "amenable to personal jurisdiction," citing *AED Research & Services Corp. v. International Equipment Exchange Ltd.*, 223 U.S.P.Q. 457 (N.D.Ill.1983). It then asserts that the defendants are "amenable to personal jurisdiction" in this forum under the Wisconsin "long-arm" statute, Wis.Stat. § 801.05(3) (1990), by virtue of their contacts with Greeley Ornamental Concrete Products, a concern located in Ellsworth, Wisconsin. Under such an interpretation, venue is proper under 28 U.S.C. § 1400(a) because the defendants are amenable to personal jurisdiction *in Wisconsin.*

■ However, I disagree with Milwaukee Concrete Studios' interpretation of 28 U.S.C. § 1400(a) because it confounds the distinction between the words "district" and "state." It is true that the phrase "may be found" has been construed to mean "amenable to personal jurisdiction" under the applicable section of the state long-arm statute. *See Kogan v. Longstreet*, 374 F.Supp. 47, 50 (N.D.Ill.1974) (Bauer, J.). However, the "amenability to personal jurisdiction" must relate to the *district* in which the action has been commenced. *See* 28 U.S.C. § 1400(a) (identifying the relevant forum as "the district" and not "the state"); *see also Kogan*, 374 F.Supp. at 50–52 (examining the defendants' contacts with the *district*). Thus, in this action, to the extent that the Wisconsin long-arm statute applies, the word "state" as it there appears must be substituted with the word "district" in order to pre-

serve the plain meaning of 28 U.S.C. § 1400(a).

■ For purposes of identifying the applicable provision of the Wisconsin long-arm statute, the court has viewed copyright infringement as a tort—a tortious interference with a property right, *see Stone Decor Division of JAS International, Inc. v. Stylex Worldwide Industries, Ltd.,* 767 F.Supp. 181, 183 (N.D.Ill.1991). *See also Video Views, Inc. v. Studio 21 Ltd.,* 925 F.2d 1010, 1013 (7th Cir.) (Gordon, J.), *cert. denied,* — U.S. —, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991); *Leo Feist, Inc. v. Young,* 138 F.2d 972, 975 (7th Cir.1943). When the tortious act of copyright infringement is alleged, one of two sections of the Wisconsin long-arm statute may apply, depending upon the whether the alleged act of infringement occurred within or without the proposed forum. *See* Wis. Stat. § 801.05(3) (identifying a "local act" as a basis for personal jurisdiction); Wis. Stat. § 801.05(4) (identifying the circumstances under which a "foreign act" would provide the basis for personal jurisdiction).

■ Under Wis.Stat. § 801.05(3), the section cited by Milwaukee Concrete Studios, a defendant would be subject to personal jurisdiction under the following circumstances:

**Local act or omission.** In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.

To demonstrate that the defendants are amenable to personal jurisdiction in this district under Wis.Stat. § 801.05(3) and thus "may be found" here for purposes of 28 U.S.C. § 1400(a), Milwaukee Concrete Studios must establish that the defendants committed a "local act or omission"—one within the Eastern District of Wisconsin.

The alleged tortious "act" complained of by Milwaukee Concrete Studios is Ms. Krueger's delivery (on behalf of Fjeld Manufacturing) of the allegedly infringing birdbath to Greeley Ornamental Concrete Products. In its responsive memorandum, Milwaukee Concrete Studios flatly states that Greeley Ornamental Concrete Products is "located in this District." Memorandum in Response to Motion to Dismiss at 3. In fact, throughout its responsive memorandum, Milwaukee Concrete Studios labors under a misapprehension that Greeley Ornamental Concrete Products is located in *Milwaukee. See, e.g.,* Memorandum in Response to Motion to Dismiss at 10. An examination of a Wisconsin map discloses that Milwaukee Concrete Studios is well over 200 miles off target. Greeley Ornamental Concrete Products is located in Ellsworth, Pierce County, Wisconsin—at the farthest *western* reaches of the state (and obviously in the Western District of Wisconsin). Remarkably, Milwaukee Concrete Studios, in a cursory supplemental response in which it acknowledges its error, has asked the court to view this error as "inadvertent."

To the extent that Milwaukee Concrete Studios' "verified" allegation of proper venue is founded upon this misapprehension of Greeley Ornamental Concrete Products' location, the allegation has been completely undermined (irrespective of the fact that it has been "verified"). There is simply no evidence of a "local act or omission" on the part of the defendants within this district that would cause the court to apply Wis.Stat. § 801.05(3). The designated "act" of Ms. Krueger—which took place at Ellsworth, Wisconsin, in the western district—was clearly a "foreign" and not a "local" act. Milwaukee Concrete Studios' "misplacing" of Greeley Ornamental Concrete Products has caused it to overlook this fact. Because the only significant contact between the present action and *this* district is the fact that the plaintiff, Milwaukee Concrete Studios, "lives" here, Wis.Stat. § 801.05(3) does not apply, *see Coté v. Wadel,* 796 F.2d 981, 984 (7th Cir. 1986) (construing Wis.Stat. § 801.05(3)). Accordingly, venue may not be invoked by virtue of Wis.Stat. § 801.05(3).

■ Without more, that should mark the end to the matter. However, the court is constrained to demonstrate that there is *no* provision of the Wisconsin long-arm statute that Milwaukee Concrete Studios could reasonably have relied upon to assert that

venue was proper in this district under 28 U.S.C. § 1400(a). If it is true, as Milwaukee Concrete Studios suggests, that the tort (injury) of copyright infringement occurs where the copyright owner resides, irrespective of where the alleged act of infringement occurred, then Wis.Stat. § 801.05(4) would apply.

Under this section, a defendant would be subject to personal jurisdiction under the following circumstances:

> **Local injury; foreign act.** In any action claiming injury to person or property within or without this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:
>
> (a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or
>
> (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

Wis.Stat. § 801.05(4). However, even under this section (which was not cited by Milwaukee Concrete Studios) there must have been *some* contact between the defendants and the proposed forum.

In this case, there is *no* evidence to show that the defendants' "ordinary course of trade" brought any "[p]roducts, material or things" they had "processed, serviced or manufactured" into the Eastern District of Wisconsin. Ms. Krueger's delivery of a single birdbath—which the defendants neither processed, serviced, or manufactured—to the Western District of Wisconsin has not been shown to be anything other than an *isolated* act outside of the defendants' ordinary course of business. Moreover, there been no showing that the defendants have carried on "solicitation or service activities" within *this* district. (As noted, any contacts the defendants have made with Greeley Ornamental Concrete Products are of little significance because that concern is not located in this district.) Therefore, Wis.Stat. § 801.05(4) does not apply, either.

Given the patent deficiencies in Milwaukee Concrete Studios' assertion of venue, the court need not address whether venue in this district would be constitutionally infirm under the due process clause. *See International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (due process requires that certain "minimum contacts" exist between the non-resident defendants and the forum such that the exercise of personal jurisdiction does not offend traditional concepts of fair play and substantial justice); *see also Kogan,* 374 F.Supp. at 50 (to establish venue under 28 U.S.C. § 1400(a) the defendant's activities must be "so systematic and continuous as to make [the defendant] present in this jurisdiction for the purposes of service of process").

Under 28 U.S.C. § 1400(a), venue is not proper in this district. The motion to dismiss for improper venue will be granted.

### III.

In support of their motion, the defendants state Milwaukee Concrete Studios had "previous knowledge" of the lack of proper venue in this district. Memorandum in Support of Motion to Dismiss at 8. Accordingly, the defendants invite the court to consider awarding costs and attorneys fees under 17 U.S.C. § 505, or imposing sanctions under Rule 11, Federal Rules of Civil Procedure, in the event they prevailed against Milwaukee Concrete Studios on this motion.

It is true that 17 U.S.C. § 505 contemplates an award of costs and attorneys fees to a "prevailing party" under the Copyright Act of 1976. However, the court is not convinced that the defendants have "prevailed" in the sense contemplated by 17 U.S.C. § 505. (The defendants have not yet answered or otherwise addressed the merits of the complaint.) Presumably, the action will recommence in the appropriate judicial district; only after the action has there been adjudicated on its merits will a "prevailing party" emerge for purposes of 17 U.S.C. § 505. Thus, any award of costs and attorneys fees under that section would be premature.

Nevertheless, the court disagrees with Milwaukee Concrete Studios' contention that the defendants' basic request for sanctions is "patently absurd." Under Rule 11, Federal Rules of Civil Procedure, the signature of an attorney or party "constitutes a certificate by the signer that the signer has read the pleading [and] that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and warranted by existing law." *See also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* — U.S. —, 111 S.Ct. 922, 932–33, 112 L.Ed.2d 1140 (1991) (Rule 11 imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and ... the applicable standard is one of reasonableness under the circumstances").

■ The record suggests that reasonable pre-filing investigation by Milwaukee Concrete Studios—a cursory examination of a Wisconsin map—would have revealed that Ellsworth, Wisconsin is located at the farthest reaches of the Western District of Wisconsin. (Milwaukee Concrete Studios' complaint properly places Greeley Ornamental Concrete Products in Ellsworth, Wisconsin.) As previously noted, Milwaukee Concrete Studios "relocated" Greeley Ornamental Concrete Products to Milwaukee in its responsive memorandum to the present motion; when confronted with this error, it claimed the error was "inadvertent."

If the error was "inadvertent," it was unreasonable nonetheless. Reasonable inquiry by Milwaukee Concrete Studios and its attorneys would have revealed that the allegation in the complaint that venue was proper in this district was neither "well grounded in fact" nor "warranted by existing law," as Rule 11 requires. Even *if* it could be said that the defendants "may be found" at Ellsworth, Wisconsin, where they did business with Greeley Ornamental Concrete, they had no contacts whatsoever with the Eastern District of Wisconsin. Notably, the well-settled requirement that there be certain "minimum contacts" between the defendants and the proposed forum was not unknown to Milwaukee Concrete Studios; that requirement emerges from the very authorities cited in its responsive memorandum: *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984); and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Accordingly, the court will impose a monetary sanction under Rule 11, Federal Rules of Civil Procedure. The sanction shall consist of an award of $1000 in favor of the defendants. Said sum shall constitute a contribution towards the fees and expenses incurred by the defendants in defending this misdirected action in the Eastern District of Wisconsin. Milwaukee Concrete Studios and its attorneys shall be responsible for the award, jointly and severally. (Both Milwaukee Concrete Studios, by its president, *and* its attorneys signed the "verified" complaint commencing this action.)

If Milwaukee Concrete Studios should recommence this action in the appropriate venue and ultimately prevail, it shall not be entitled to recover any costs or fees in connection with the present action that has improperly been commenced in this district.

## ORDER

Therefore, IT IS ORDERED that the defendants' motion to dismiss the action for improper venue be and hereby is granted, pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure.

IT IS ALSO ORDERED that this action be and hereby is dismissed without prejudice.

IT IS FURTHER ORDERED that Milwaukee Concrete Studios and its counsel, jointly and severally, shall pay to the defendants as a sanction under Rule 11, Federal Rules of Civil Procedure, the sum of $1000.

IT IS FURTHER ORDERED that Milwaukee Concrete Studios shall not recover any costs or fees in connection with the present action if it recommences the action

in a forum with proper venue and ultimately prevails.