MILWAUKEE CONCRETE STUDIOS,
LTD., Plaintiff,

v.

FJELD MANUFACTURING CO., INC.,
and Janice Krueger, Defendants.

No. 91–C–880.

United States District Court,
E.D. Wisconsin.

June 2, 1992.

Pattishall, McAuliffe, Newberry, Hilliard & Geraldson by Craig S. Fochler, Douglas Masters, and John Murphy, Chicago, Ill., for plaintiff.

Robins, Kaplan, Miller & Ciresi by Alan M. Anderson and Kathleen Kuehl, Minneapolis, Minn., for defendants.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On August 14, 1991, the plaintiff, Milwaukee Concrete Studios, commenced the above-captioned action alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. The defendants, Fjeld Manufacturing and Janice Krueger, filed a motion to dismiss the action for improper venue, pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure. The motion was granted, and the court imposed a $1,000 sanction on the plaintiff and its counsel, jointly and severally, pursuant to Rule 11, Federal Rules of Civil Procedure, *see Milwaukee Concrete Studios, Ltd. v. Fjeld Manufacturing Co.*, 782 F.Supp. 1314 (E.D.Wis.1991).

The plaintiff has filed a motion to vacate the dismissal order or, in the alternative, to alter or amend the judgment (to vacate the sanction), pursuant to Rule 59(e), Federal Rules of Civil Procedure. The motion will be denied.

I.

In its complaint, the plaintiff, of Oak Creek, Wisconsin, alleged that defendant Fjeld Manufacturing, of Minot, North Dakota (a small business consisting of six employees under the direction of defendant Janice Krueger), infringed its registered copyrights in various items of concrete statuary for architectural landscaping use. Specifically, the complaint alleged that in 1990 Ms. Krueger travelled to Winnipeg, Canada, where she purchased (for Fjeld Manufacturing) a birdbath that "simulates the original design of" a so-called "Oakwood Squirrel Birdbath" manufactured and sold by the plaintiff. In addition, the complaint alleged that Ms. Krueger invited Steve Hrkal of Greeley Ornamental Concrete Products to make a mold of her birdbath.

The complaint alleged that Ms. Krueger (on behalf of Fjeld Manufacturing) subsequently delivered her birdbath to Greeley Ornamental Concrete Products, who created a mold from which it manufactured

over 500 infringing birdbaths. The plaintiff charged that these birdbaths were sold and delivered throughout Wisconsin (by Greeley Ornamental Concrete Products)—which constituted contributory copyright infringement by Ms. Krueger and Fjeld Manufacturing.

In its complaint, the plaintiff asserted that venue was proper under 28 U.S.C. § 1400(a), which provides as follows:

Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights ... may be instituted in the district in which the defendant or his agent resides or may be found.

There was no assertion that either Ms. Krueger or Fjeld Manufacturing "resided" in the Eastern District of Wisconsin. The propriety of venue thus turned on whether Fjeld Manufacturing and Ms. Krueger "may be found" in the district. The plaintiff asserted that for purposes of § 1400(a) a party "may be found" *wherever* it is amenable to personal jurisdiction. However, the court determined that under § 1400(a) a party "may be found" in any *judicial district* in which it is amenable to personal jurisdiction, *see Kogan v. Longstreet*, 374 F.Supp. 47, 50 (N.D.Ill.1974) (Bauer, J.).

That is, the court disagreed with the plaintiff's suggestion that the word "district" in § 1400(a) is surplusage and the corresponding contention that personal jurisdiction in a state gives rise to proper venue in any of the federal judicial districts comprising that state. *See* 782 F.Supp. at 1316. Moreover, the court found that in response to the motion to dismiss the plaintiff had erroneously "relocated" Greeley Ornamental Concrete Products—the locus of the defendants' purported contacts with the state of Wisconsin—from its actual location, Ellsworth, Wisconsin, in the far western reaches of the Western District of Wisconsin, to Milwaukee, Wisconsin, which is in the Eastern District of Wisconsin.

Accordingly, the court was constrained to rule upon the motion to dismiss without the assistance that an argument founded on the correct facts might have provided. The defendants' motion to dismiss was granted, and the court ordered that the action be dismissed for lack of venue.

## II.

In its present motion to vacate the court's dismissal order, the plaintiff concedes that it "misplaced" the location of Greeley Ornamental Concrete Products in its response to the defendants' motion to dismiss for improper venue. It also concedes that it failed to explain the effect of the error on its arguments in response to the motion to dismiss. (Originally, the plaintiff termed the error "inadvertent" and addressed it no further.)

Having ended up on the wrong end of the court's order, the plaintiff *now* proffers an explanation for its error. It explains that under *its* interpretation of the law, the location of Greeley Ornamental Concrete Products in Wisconsin was irrelevant. It also proffers arguments loosely responsive to the defendants' original motion to dismiss for improper venue.

Such explanations and arguments, which basically consist of a rehashing of what was already decided, are not well-received. The court is not now called upon to address any new legal or factual questions; instead, the court is asked to consider arguments that *should* have been made by the plaintiff in response to the defendants' motion to dismiss—and presumably *would* have been made by the plaintiff had it not erroneously placed Greeley Ornamental Concrete Products in the Eastern District of Wisconsin.

Interestingly, the plaintiff urges both that "courts must employ the plain meaning of the language the legislature adopted" and that 28 U.S.C. § 1400(a) "expressly requires ties to the forum *state*, not to the federal judicial district." Plaintiff's Memorandum in Support of Motion to Vacate at 13, 14 (emphasis in original). The court agrees that it must begin (if not end) its examination with the "plain meaning" of the language of § 1400(a). *See* Felix Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Col.L.Rev. 527, 535 (1947) ("Though we may not end with the words in construing a disputed statute,

one certainly begins there."). However, contrary to the plaintiff's view, the court's examination of the statutory language reveals § 1400(a) (shown with emphasis added) expressly *requires* ties to the federal judicial district:

Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights ... may be instituted *in the district* in which the defendant or his agent resides or may be found.

Indeed, § 1400(a)'s plain meaning relates venue narrowly to a particular federal judicial *district* and not more broadly to the forum *state*. In fact, nowhere in the "language" of § 1400(a) did the "legislature [sic]" employ the word "state."

■ It is true that there are no authoritative appellate decisions providing a definitive construction of § 1400(a). Unconstrained by a controlling appellate decision and unimpressed by the plain meaning of the statutory language, the plaintiff apparently finds a license to develop its own interpretation of § 1400(a)—then set off to find authorities that may be cited in support of that interpretation. An examination of the authorities cited in the plaintiff's brief suggests that it was not without some success. The court is now told that the plaintiff's "broad reading" of § 1400(a) was derived from William F. Patry, *Latman's The Copyright Law* at 262–63 (BNA 6th ed. 1986). The plaintiff also claims to have identified a "substantial body of case law"—actually a handful of district court decisions—purporting to disregard § 1400(a)'s literal requirement that a defendant "be found" *in the federal judicial district of suit.*

However, the court finds that the more persuasive district court decisions, for example, *Kogan v. Longstreet*, 374 F.Supp. 47, 50 (N.D.Ill.1974) (Bauer, J.), do not disregard the language of § 1400(a). *See also Mode Art Jewelers Co. v. Expansion Jewelry Ltd.*, 409 F.Supp. 921, 923 (S.D.N.Y. 1976) (in order to be "found" there for purposes of § 1400(a), a corporation must be engaged, in the *district of suit*, in "systematic and continuous activity"). Moreover, the language of the following section of the general venue statute is particularly instructive:

For purposes of venue *under this chapter*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction *if that district were a separate State....*

28 U.S.C. § 1391(c) (emphasis added). Section 1391(c) obviously provides support for the treatment of a federal judicial district as a separate state for purposes of determining venue. Thus, it squarely supports the court's interpretation of § 1400(a), under which the defendants' contacts with the Eastern District of Wisconsin—and not with the entire state of Wisconsin—must be examined, *see* 782 F.Supp. at 1317. Furthermore, the use of the phrase "under this chapter" in § 1391(c) demonstrates that its principle is applicable to all other venue statutes in Title 28—including § 1400. *See, e.g., VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578–79 (Fed.Cir.1990) (§ 1400(b) must be interpreted in conjunction with § 1391(c)).

Under the plaintiff's proffered interpretation of § 1400(a), a contact with El Paso suffices for proper venue in Houston; a contact with San Francisco suffices in San Diego; a contact in Buffalo suffices in Brooklyn; a contact with Miami suffices in Jacksonville; and, of course, a contact in Ellsworth suffices in Milwaukee. As before, that interpretation of § 1400(a) must be rejected in favor of Judge Bauer's more sound interpretation of § 1400(a), *see Kogan v. Longstreet*, 374 F.Supp. 47, 50 (N.D.Ill.1974) (examining the defendants' contacts with the Northern District of Illinois). Given a choice between enforcing the "plain meaning" of the language of § 1400(a) or ignoring it, the court chooses the former instead over the latter.

Accordingly, the court will not disturb its order dismissing the action for improper venue.

### III.

Alternatively, the plaintiff has filed a motion to amend the judgment to vacate the $1,000 sanction that the court imposed on it pursuant to Rule 11, Federal Rules of Civil Procedure. *See* 782 F.Supp. at 1319. In support of its contention that the sanction should be vacated, the plaintiff claims that under *its* interpretation of the 28 U.S.C. § 1400(a)—an interpretation now twice rejected by the court—the location of the defendants' contacts with the state of Wisconsin was irrelevant. Thus, it claims that the undeniable factual misstatement (placing Greeley Ornamental Concrete Products in Milwaukee instead of in Ellsworth) in its responsive brief—a Rule 11 "paper"—was merely a "technical" error. The court disagrees and will persist in its ruling imposing sanctions.

Under Rule 11 (with emphasis added), the signature of an attorney or party "constitutes a certificate by the signer that the signer has read the ... paper [and] that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is *well grounded in fact* and warranted by existing law." Rule 11 imposes "an affirmative duty to conduct a reasonable inquiry *into the facts* and the law *before filing*, and ... the applicable standard is one of reasonableness under the circumstances." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, — U.S. —, 111 S.Ct. 922, 932–33, 112 L.Ed.2d 1140 (1991) (emphasis added). *See also TMF Tool Co. v. Muller*, 913 F.2d 1185, 1190 (7th Cir.1990); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 931–32 (7th Cir.1989) (en banc).

The court remains convinced that even *if* it could be said that the defendants "may be found" at Ellsworth, Wisconsin in the Western District of Wisconsin, where they allegedly did business with Greeley Ornamental Concrete, it was unreasonable for the plaintiff to claim that the defendants had any contacts with the *Eastern* District of Wisconsin that would subject them to suit in that venue under the "plain meaning" of § 1400(a). *See* 782 F.Supp. at 1317 (examining the applicable provisions of the Wisconsin long-arm statute, Wis.Stat. § 801.05(3) and (4), to determine whether the defendants "may be found" in the Eastern District of Wisconsin). Accordingly, the court persists in its determination that the action should not have been brought in this district—and that reasonable pre-filing investigation by the plaintiff would have disclosed that venue was improper here.

However, it is true that, given the absence of a contrary authoritative appellate decision construing § 1400(a) and the existence of the authorities that at least colorably support the plaintiff's interpretation of § 1400(a), it may be that sanctions should not be imposed on that basis. *See TMF Tool Co.*, 913 F.2d at 1191 (reversing imposition of Rule 11 sanctions where no controlling "law of the circuit" existed to refute the allegedly frivolous legal argument). That is not to say that the court's imposition of a $1,000 Rule 11 sanction was inappropriate.

Irrespective of *its* interpretation of the law, the plaintiff was not entitled to miscast the facts in its response to the defendants' motion. Obviously, any sort of reasonable prefiling inquiry by the plaintiff would have revealed that its assertion that venue was proper in this district because the defendants had contacts with Greeley Ornamental Concrete Products in *Milwaukee*, Wisconsin was *not* "well grounded in fact." (The plaintiff concedes that it well knew that Greeley Ornamental Concrete Products was located in Ellsworth; its complaint was correct in this respect.) Moreover, the plaintiff's present self-serving assertion that the factual error was irrelevant cannot be sustained; the legal authorities that the defendants proffered in support of their motion to dismiss for improper venue plainly suggested that the precise location of the defendants' contacts with the state of Wisconsin was by no means irrelevant. Indeed, all along, the defendants have urged the legal significance of

that fact, which was the very basis for their motion.

It is true that the plaintiff purported to "correct" the error (by submitting a single-page letter denominating the error as "inadvertent") before the defendants filed their reply brief. However, that did not change that fact that the plaintiff's *uncorrected* responsive brief was rife with misdirected argumentation incautiously founded on the unreasonable factual error. That brief, a Rule 11 "paper," was "baseless" and constituted "frivolity" to the extent that it unnecessarily complicated the resolution of the defendants' motion to dismiss—and constrained the court to resolve the *real* legal issues without meaningful guidance from the plaintiff. *Cf. Tomczyk v. Blue Cross & Blue Shield United of Wisconsin*, 951 F.2d 771, 779 (7th Cir.1992) (imposing sanctions under Rule 38, Federal Rule of Appellate Procedure). *See also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) ("the central purpose of Rule 11 is to deter baseless filings in District Court and thus ... streamline administration and procedure of the federal courts"). Thus, the court finds that the imposition of a Rule 11 sanction on the plaintiff and its counsel was entirely appropriate for that reason, as well. The court further finds that the $1,000 Rule 11 sanction is necessary and appropriate to deter such conduct in the future. *See Cooter & Gell*, 496 U.S. at 393, 110 S.Ct. at 2454 (noting Rule 11's "central goal of deterrence"). Accordingly, the judgment based on the court's order imposing a Rule 11 sanction will not be disturbed.

In its motion to vacate the sanction, the plaintiff misreads the court's previous order as prohibiting it from *ever* recovering *any* costs and attorneys' fees in a copyright action against these defendants. Read correctly, the court's previous order only bars the plaintiff from recovering those costs or fees incurred in connection with the *present* action—Case No. 91–C–880 (E.D.Wis.)—if it were to recommence a *new* copyright action against these defendants in the proper venue, and ultimately prevailed.

## ORDER

Therefore, IT IS ORDERED that the plaintiff's motion to vacate or, in the alternative, to alter or amend the judgment be and hereby is denied, with costs.